IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03751-STV

JANINE L. GENTILE,

     Plaintiff,

v.

COLORADO STATE UNIVERSITY

     Defendant(s).

---

## ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND

---

     Defendant, Colorado State University ("CSU"), through counsel, the

Colorado Attorney General, respectfully submits the following Answer to

Plaintiff's Employment Discrimination Complaint and Jury Demand [Doc. 1].

### A.  <u>Plaintiff Information</u>

Defendant is without sufficient knowledge to admit or deny the allegations of

paragraph A, and therefore denies the same.

### B.  <u>Defendant Information</u>

Defendant admits that its address is 555 S. Howes St. Fort Collins, CO 80521.

Defendant admits its phone number is 970-491-1111.  Defendant denies the

remaining allegations of Paragraph B.

## C. <u>Jurisdiction</u>

Defendant does not contest that jurisdiction in this Court is proper to the extent that Plaintiff has asserted cognizable and justiciable claims against Defendant pursuant to 42 U.S.C. §§ 2000e, et seq and the FMLA.

To the extent Plaintiff has asserted cognizable and justiciable claims, Defendant admits that venue in this Court is proper.

## D. <u>Statement of Claims</u>

**Claim One:** Defendants deny that Plaintiff is entitled to relief for Claim One described as "ADA Failure to Accommodate" and denies all conduct of which Plaintiff complains.

**Claim Two:** Defendants deny that Plaintiff is entitled to relief for Claim Two as described as "ADA Retaliation" and denies all conduct of which Plaintiff complains.

**Claim Three:** Defendants deny that Plaintiff is entitled to relief for Claim Three described as "ADA Discrimination" and denies all conduct of which Plaintiff complains.

**Claim Four:** Defendants deny that Plaintiff is entitled to relief for Claim Four described as "FML Retaliation" and denies all conduct of which Plaintiff complains.

**Claim Five:**  Defendants deny that Plaintiff is entitled to relief for Claim Five described as "FML Interference" and denies all conduct of which Plaintiff complains.

## E. <u>Administrative Procedures</u>

Defendant admits that Plaintiff filed a charge of discrimination with the EEOC and that she obtained her Notice of Right to Sue Letter.  Defendant is without sufficient knowledge to admit or deny the remaining allegations of Paragraph E, and therefore denies the same.

## F. <u>Request for Relief</u>

Defendant denies that Plaintiff is entitled to the relief requested in Paragraph F, as listed on page 45 of the Complaint, and its sub paragraphs a through n, or any relief whatsoever.

## <u>Claim One: ADA Failure to Accommodate</u>

1.      Defendant incorporates by reference its responses to all previous paragraphs above.

2.      Defendant is without sufficient knowledge to admit or deny the allegations of Paragraph 2, and therefore denies the same.

3.      Defendant admits the allegations of Paragraph 3.

4.      Defendant admits the allegations of Paragraph 4.

5.      Defendant is without sufficient knowledge to admit or deny the allegations of Paragraph 5, and therefore denies the same.

6.      Defendant is without sufficient knowledge to admit or deny the allegations of Paragraph 6, and therefore denies the same.

7.      Defendant admits the allegations of Paragraph 7.

8.      Defendant admits the allegations of Paragraph 8. .

9.      Defendant admits it is subject to the provisions of the Americans with Disabilities Act (ADA).  Defendant denies all other allegations stated or implied by Paragraph 9.

10.     Defendant admits it is subject to the provisions of the Colorado Anti-Discrimination Act.  Defendant denies all other allegations stated or implied by Paragraph 10.

11.     Defendant admits that it is subject to the provisions of the Family Medical Leave Act. Defendant denies any further allegations stated or implied by Paragraph 11.

12.     Defendant is without sufficient knowledge to admit or deny the allegations of Paragraph 12, and therefore denies the same.

13.     Defendant admits the allegations of Paragraph 13.

14.     Defendant admits the allegations of Paragraph 14.

15.    Defendant admits the allegations of Paragraph 15.

16.    Defendant admits the allegations of Paragraph 16.

17.    Defendant admits a Notice of Charges of Discrimination was issued on February 6, 2020. Defendant denies any further allegations stated or implied by Paragraph 17.

18.    Defendant admits the allegations of Paragraph 18.

19.    Defendant admits the allegations of Paragraph 19.

20.    Defendant admits the allegations of Paragraph 20.

21.    Defendant admits the allegations of Paragraph 21.

22.    Defendant admits the allegations of Paragraph 22.

23.    Defendant admits the allegations of Paragraph 23.

24.    Defendant admits the allegations of Paragraph 24.

25.    Defendant admits the allegations of Paragraph 25.

26.    Defendant admits the allegations of Paragraph 26.

27.    Defendant admits the allegations in Paragraph 27.

28.    Defendant admits the allegations of Paragraph 28.

29.    Defendant admits the allegations of Paragraph 29.

30.    Defendant admits the allegations of Paragraph 30.

31.    Defendant admits the allegations of Paragraph 31.

32.     Defendant admits the allegations of Paragraph 32.

33.     Defendant admits the allegations of Paragraph 33.

34.     Defendant admits the allegations of Paragraph 34.

35.     Defendant admits the allegations of Paragraph 35.

36.     Defendant admits the allegations of Paragraph 36.

37.     Defendant admits the allegations of Paragraph 37.

    a.  Defendant admits the allegations of Paragraph 37(a).

    b.  Defendant admits the allegations of Paragraph 37(b).

    c.  Defendant admits the allegations of Paragraph 37(c).

    d.  Defendant admits the allegations of Paragraph 37(d).

    e.  Defendant admits the allegations of Paragraph 37(e).

    f.  Defendant admits the allegations of Paragraph 37(f).

        i.  Defendant admits the allegations of Paragraph 37(f)(i).

        ii.  Defendant admits the allegations of Paragraph 37(f)(ii).

        iii.  Defendant admits the allegations of Paragraph 37(f)(iii).

        iv.  Defendant admits the allegations of Paragraph 37(f)(iv).

        v.  Defendant admits the allegations of Paragraph 37(f)(v).

38.     Defendant is without sufficient information to admit or deny the allegations of Paragraph 38 and therefore, denies the same.

39.     Defendant admits the allegations of Paragraph 39.

40.     Defendant admits the allegations of Paragraph 40.

41.     Defendant admits the allegations of Paragraph 41.

42.     Defendant admits the allegations of Paragraph 42.

43.     Defendant admits the allegations in Paragraph 43.

44.     Defendant admits the allegations in Paragraph 44.

45.     Defendant's responses to Paragraph 45 are as follows:

   a.   Defendant admits the allegations of Paragraph 45(a).

   b.   Defendant admits the allegations of Paragraph 45(b).

   c.   Defendant denies the allegations of Paragraph 45(c).

   d.   Defendant admits the allegations of Paragraph 45(d).

46.     Defendant denies the allegations of Paragraph 46.

   a.   Defendant admits the allegations of Paragraph 46(a).

   b.   Defendant denies the allegations of Paragraph 46(b). Defendant
        further states that Ms. Mayhew handles employee complaints
        against other employers or departments.

47.     Defendant admits the allegations in Paragraph 47.

48.     Defendant admits the allegations of Paragraph 48.

49.     Defendant admits the allegations of Paragraph 49.

     a.  Defendant admits the allegations of Paragraph 49(a).

     b.  Defendant admits the allegations of Paragraph 49(b).

     c.  Defendant admits the allegations of Paragraph 49(c).

     d.  Defendant admits the allegations of Paragraph 49(d).

50.    Defendant admits the allegations of Paragraph 50.

51.    Defendant admits the allegations of Paragraph 51.

52.    Defendant admits the allegations in Paragraph 52.

53.    Defendant admits that on or about October 30, 2015, Plaintiff met with Joe Strecker and Christy Conrad to discuss a privacy divider for Plaintiff's cubicle.  Defendant denies the remaining allegations of Paragraph 53 for lack of information.

54.    Defendant admits that Jennifer Mayhew of CSU's Office of Equal Opportunity emailed Plaintiff stating she would draft a document of the discussed reasonable accommodations.   Defendant is without sufficient information to admit or deny the remaining allegations of Paragraph 54 and therefore denies the same.

     a.  Defendant admits the allegations of Paragraph 54(a).

55.    Defendant is without sufficient information to admit or deny the allegations of Paragraph 55 and its subparts, and therefore denies the same.

8

56.     Defendant is without sufficient information to admit or deny the allegations of Paragraph 56 and all its subparts and therefore, denies the same.

57.     Defendant admits that Plaintiff had a conversation with Joe Strecker about her alleged disability and its impact on her performance. Defendant denies the remaining allegations stated or implied by Paragraph 57.

58.     Defendant admits that on or about October 8, 2019, Plaintiff met with Jennifer Mayhew to discuss her request for a revision to her reasonable accommodation.  Defendant is without sufficient information to admit or deny the remaining allegations stated or implied by Paragraph 58, and therefore, denies the same.

a.  Defendant denies the allegations of Paragraph 58(a).

b.  Defendant admits the allegations of Paragraph 58(b).

c.  Defendant admits that Plaintiff told Jennifer Mayhew that she was concerned she may lose her job due to the perception that she was a negative person.  Defendant denies the remaining allegations of Paragraph 58(c).

d.  Defendant denies the allegations of Paragraph 58(d).

e.  Defendant admits Plaintiff provided Jennifer Mayhew with examples of how her disability symptoms perpetuated the difficulty

9

in performing the duties of her job.  Defendant denies the remaining allegations of Paragraph 58(e).

    f.   Defendant denies the allegations of Paragraph 58(f).

    g.   Defendant admits the allegations of Paragraph 58(g) and further states the accommodation is meant to put a person in a position to perform the essential functions of the job: a level playing field such that the employee can succeed or fail on his or her own merits.

    h.   Defendant admits that Jennifer Mayhew told Plaintiff that all possible accommodations would be tried first and then if the disability could not be accommodated, they could then look at other job opportunities across the University.  Defendant denies the remaining allegations of Paragraph 58(h).

    i.   Defendant denies the allegations of Paragraph 58(i).

    j.   Defendant admits the allegations of Paragraph 58(j).

    k.   Defendant admits the allegations of Paragraph 58(k).

59.   Defendant is without sufficient information to admit or deny the allegations of Paragraph 59 and therefore, denies the same.

60.   Defendant admits the allegations of Paragraph 60.

61.   Defendant admits the allegations of Paragraph 61.

62.     Defendant admits Plaintiff sought a revision of the accommodation granted in 2015.  Defendant further admits that Jennifer Mayhew emailed Plaintiff to schedule a meeting to discuss her meeting with Joe Strecker. Defendant denies the remaining allegations of Paragraph 62.

63.     Defendant admits Plaintiff had a phone call to further engage in the interactive process that had begun prior to 2/1/19.  Defendant denies the remaining allegations of Paragraph 63.

    a.  Defendant admits the allegations of Paragraph 63(a).

    b.  Defendant admits Joe Strecker expressed concerns about interference with meetings.  Defendant denies the remaining allegations of Paragraph 63(b).

    c.  Defendant admits Joe Strecker discussed two days/week from 2- 5 PM with flexibility for ad hoc use.  Defendant denies the remaining allegations of Paragraph 63(c).

    d.  Defendant admits the allegations of Paragraph 63(d).

    e.  Defendant admits the allegations of Paragraph 63(e).

64.     Defendant admits Plaintiff sent an email to Jennifer Mayhew on or about 3/04/2019 asking about the progress on her request for reasonable accommodations.  Defendant denies the remaining allegations of Paragraph 64.

65. Defendant admits the allegations of Paragraph 65.

    a. Defendant admits the allegations of Paragraph 65(a).

    b. Defendant admits the allegations of Paragraph 65(b).

66. Defendant admits the allegations of Paragraph 66.

    a. Defendant denies the allegations of Paragraph 66(a). Defendant further states that Plaintiff's original accommodations implemented in 2015 remained available.

67. Defendant admits Plaintiff met with Jennifer Mayhew on or about 4/12/2019 to discuss Joe Strecker's response to the accommodation request. Defendant denies the remaining allegations of Paragraph 67.

    a. Defendant denies the allegations of Paragraph 67(a).

    b. Defendant denies the allegations of Paragraph 67(b).

    c. Defendant admits the allegations of Paragraph 67(c).

    d. Defendant admits the allegations of Paragraph 67(d).

    e. Defendant admits the allegations of Paragraph 67(e).

    f. Defendant admits the allegations of Paragraph 67(f).

68. Defendant admits the allegations of Paragraph 68.

    a. Defendant admits the allegations of Paragraph 68(a).

    b. Defendant admits the allegations of Paragraph 68(b).

c.  Defendant admits the allegations of Paragraph 68(c).

d.  Defendant admits the allegations of Paragraph 68(d).

e.  Defendant admits the allegations of Paragraph 68(e).

f.  Defendant admits the allegations of Paragraph 68(f).

g.  Defendant admits the allegations of Paragraph 68(g).

h.  Defendant admits the allegations of Paragraph 68(h).

69.    Defendant is without sufficient information to admit or deny the allegations of Paragraph 69, and therefore, denies the same.

70.    Defendant admits that prior to making her request for reasonable accommodations, Plaintiff discussed with Joe Strecker about how she was struggling with her job duties.  Defendant denies all remaining allegations stated or implied by Paragraph 70.

71.    Defendant admits that after she made a request for reasonable accommodations, Plaintiff informed Joe Strecker that she was struggling to perform her job duties.  Defendant denies all remaining allegations stated or implied by Paragraph 71.

72.    Defendant admits in the fall of 2018, Plaintiff informed Christy Conrad that she was struggling in her job and personal life and further admits Plaintiff and Conrad met 1-2 times, including on October 1, 2018.  Defendant

admits that resources such as the Employee Assistance Program (EAP), OEO, and others were offered to Plaintiff.  Defendant denies the remaining allegations of Paragraph 72.

    a. Defendant admits in the fall of 2018, Plaintiff informed Christy Conrad that she was struggling in her job and personal life and further admits Plaintiff and Conrad met 1-2 times, including on October 1, 2018.  Defendant is without sufficient information to admit or deny the remaining allegations of Paragraph 72(a) and therefore denies the same.

    b. Defendant denies the allegations of Paragraph 72(b).

    c. Defendant is without sufficient information to admit or deny Paragraph 72(c) and therefore denies the same.

    d. Defendant admits Plaintiff told Christy Conrad she was having ongoing difficulties in communicating and interacting with others. Defendant denies the remaining allegations of Paragraph 72(d) stated or implied by Paragraph 72(d).

    e. Defendant admits the allegations of Paragraph 72(e).

73.    Defendant admits the allegations of Paragraph 73.

    a. Defendant admits the allegations of Paragraph 73(a).

14

b. Defendant admits the allegations of Paragraph 73(b).

74. Defendant admits that Plaintiff told her supervisor Joe Strecker that she was considering taking extended time off due to her alleged disability. Defendant denies the remaining allegations stated or implied by Paragraph 74.

a. Defendant admits Plaintiff discussed with Joe Strecker that she was having difficulty functioning at work and successfully performing her job. Defendant denies all remaining allegations stated or implied by Paragraph 74(a).

b. Defendant admits Plaintiff informed Joe Strecker she was working to make up for sick days and about her inability to focus during the workday. Defendant denies the remaining allegations stated or implied by Paragraph 74(b).

c. Defendant admits Plaintiff informed Joe Strecker that she was stressed and exhausted from trying to get her work done and from having to make up for missed work. Defendant denies the remaining allegations stated or implied by Paragraph 74(c).

d. Defendant denies the allegations of Paragraph 74(d).

e. Defendant denies the allegations of Paragraph 74(e).

75. Defendant admits the allegations of Paragraph 75.

76.     Defendant admits the allegations of Paragraph 76.

77.     Defendant admits the allegations of Paragraph 77.

78.     Defendant is without sufficient information to admit or deny the allegations of Paragraph 78, and therefore, denies the same.

79.     Defendant is without sufficient information to admit or deny the allegations of Paragraph 79 and therefore denies the same.

80.     Defendant is without sufficient information to admit or deny the allegations of Paragraph 80 and therefore denies the same.

81.     Defendant is without sufficient information to admit or deny the allegations of Paragraph 81 and therefore denies the same denies the

82.     Defendant is without insufficient information to admit or deny the allegations of Paragraph 82 and therefore denies the same.

83.     Defendant admits Plaintiff's supervisor had no concerns with Plaintiff's work from home prior to the request to revise her original reasonable accommodations.  Defendant denies all remaining allegations in Paragraph 83.

84.     Paragraph 84 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 84.

85.    Defendant is without sufficient information to admit or deny  the allegations in Paragraph 85 and therefore, denies the same.  Defendant further states the "Enforcement Guidance on Reasonable Accommodation and Undue Hardship under the ADA" speaks for itself.

86.    Defendant denies the allegations in Paragraph 86.

87.    Defendant admits that Plaintiff had a conversation with her supervisor that she was experiencing symptoms of her alleged disability that were impacting the functions of her job.  Defendant further admits that the interactive process for Plaintiff's request for reasonable accommodations concluded in April 2019 and accommodations were implemented.  Defendant denies all remaining allegations stated or implied by Paragraph 87.

88.    Defendant denies the allegations of Paragraph 88.

89.    Defendant denies the allegations of Paragraph 89.

90.    Defendant denies the allegations of Paragraph 90.

91.    Defendant denies the allegations of Paragraph 91.

92.    Defendant denies the allegations of Paragraph 92.

93.    Defendant denies the allegations of Paragraph 93.

94.    Defendant denies the allegations of Paragraph 94.

95.    Defendant admits the allegations of Paragraph 95.

17

96.     Defendant admits that as of November 26, 2018, Plaintiff was qualified for her position.  Defendant denies all remaining allegations stated or implied by Paragraph 96.

97.     Defendant is without sufficient information to admit or deny the allegations of Paragraph 97 and therefore denies the same.

98.     Defendant is without sufficient information to admit or deny the allegations of Paragraph 98 and therefore denies the same.

  a.  Defendant denies the allegations of Paragraph 98(a).

  b.  Defendant denies the allegations of Paragraph 98(b).

  c.  Defendant denies the allegations of Paragraph 98(c).

  d.  Defendant denies the allegations of Paragraph 98(d).

  e.  Defendant denies the allegations of Paragraph 98(e).

99.     Defendant admits the allegations of Paragraph 99.

100.    Defendant admits that Joe Strecker told Plaintiff that the StringSoft project was going well and thanked Plaintiff for her work on the project.  Defendant denies the remaining allegations stated or implied by Paragraph 100.

101.    Defendant admits Joe Strecker told Plaintiff he appreciated her work on the StringSoft project and her focus despite the distraction of the

impending layoff.  Defendant denies the remaining allegations stated or implied by Paragraph 101.

102.   Defendant is without sufficient information to admit or deny the allegations of Paragraph 102 and all its subparts, and therefore, denies the same.

103.   Defendant admits the allegations of Paragraph 103.

104.   Defendant admits the allegations of Paragraph 104.

   a.   Defendant admits the allegations of Paragraph 104(a).

   b.   Defendant admits that Plaintiff's performance evaluation score decreased from 3.78 to 2.94.   Defendant denies all remaining allegations stated or implied by Paragraph 104(b).

   c.   Defendant admits the allegations of Paragraph 104(c).

   d.   Defendant states that the written evaluation speaks for itself. Defendant denies all remaining allegations stated or implied by Paragraph 104(d)

   e.   Defendant states that the written evaluation speaks of itself. Defendant denies all remaining allegations stated or implied by Paragraph 104(e).

     f.  Defendant states that the written evaluation speaks for itself. Defendant denies all remaining allegations stated or implied by Paragraph 104(f).

105.   Defendant admits Plaintiff sought a revision to her reasonable accommodations in November 2018, received her performance evaluation in March 2019, and the revision was implemented in April 2019. Defendant denies the remaining allegations stated or implied by Paragraph 105.

106.   Defendant admits Plaintiff received her performance evaluation in March 2019 and a revision to her reasonable accommodation was implemented in April 2019. Defendant denies the remaining allegations stated or implied by the allegations of Paragraph 106.

107.   Defendant admits the allegations of Paragraph 107.

108.   Defendant admits Plaintiff told Joe Strecker that she might take extended leave in relation to her symptoms. Defendant further admits that on or about March 29, 2019, Plaintiff was advised that her position was being eliminated due to lack of project management work. Defendant denies the remaining allegations stated or implied by Paragraph 108.

109.   Defendant admits Plaintiff was informed her FML was approved on or about March 1, 2019. Defendant further admits that on or about March 29,

2019, Plaintiff was advised that her position was being eliminated due to lack of project management work. Defendant denies the remaining allegations stated or implied by Paragraph 109.

110. Defendant admits Plaintiff was informed of two software developer positions opening elsewhere in the University. Defendant is without sufficient information to admit or deny the remaining allegations of Paragraph 110 and therefore denies the same.

111. Defendant admits Plaintiff was hired as an entry-level software developer 19 years ago and was promoted to management positions. Defendant is without insufficient information to admit or deny the allegations of Paragraph 111 and therefore, denies the same.

112. Defendant admits that Plaintiff requested a revision to her original accommodation of 2015 in November 2018 and that it took approximately five months to reach an agreement. Defendant further states that the interactive process was occurring during this entire period. Defendant denies the remaining allegations stated or implied by Paragraph 112.

113. Defendant admits the allegations of Paragraph 113.

114. Defendant denies the allegations of Paragraph 114.

115.    Defendant admits that the college had made a recommendation to the University President to eliminate Plaintiff's position after StringSoft went live but the college had not yet received approval as of June 18, 2019.  Defendant otherwise admits the allegations of Paragraph 115.

   a.   Defendant admits the allegations of Paragraph 115(a).

   b.   Defendant admits the allegations of Paragraph 115(b).

116.    Defendant admits the allegations of Paragraph 116 and further states the termination of Plaintiff's position was updated to October 31, 2019.

117.    Defendant admits the allegations of Paragraph 117 and further states the termination of Plaintiff's position was updated to October 31, 2019.

118.    Defendant has insufficient information to admit or deny the allegations of Paragraph 118 and therefore denies the same.

119.    Defendant admits the allegations of Paragraph 119.

120.    Defendant admits the allegations of Paragraph 120.

   a.   Defendant admits the allegations of Paragraph 120(a).

   b.   Defendant admits the FML Designation Notice approved leave for symptoms related to Plaintiff's alleged disability.  Defendant denies all remaining allegations stated or implied by Paragraph 120(b).

121.    Defendant denies the allegations of Paragraph 121.

122.   Defendant denies the allegations of Paragraph 122.

123.   Defendant admits that performance evaluations remain in CSU employment files.  Defendant denies the remaining allegations of Paragraph 123.

124.   Defendant denies the allegations of Paragraph 124.

125.   Defendant denies the allegations of Paragraph 125.

126.   Defendant denies the allegations of Paragraph 126.

127.   Defendant denies the allegations of Paragraph 127.

## **Claim Two: ADA Retaliation**

128.   Defendant incorporates by reference its responses to Paragraphs 1 through 127 and all previous paragraphs above.

129.   Paragraph 129 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant admits the allegations of Paragraph 129.

130.   Paragraph 130 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations of Paragraph 130 and therefore denies the same.

131.   Paragraph 131 states a legal conclusion to which no response is required.  To the extent a response is required Defendant states the legal requirements for an ADA retaliation claim speak for themselves.

132.   Defendant admits that Plaintiff requested a revision to her original accommodation.  Defendant denies the remaining allegations stated or implied by Paragraph 132.

133.   Defendant admits the allegations of Paragraph 133.

134.   Defendant admits Plaintiff told her supervisor she was considering taking short-term disability leave.  Defendant denies the remaining allegations stated or implied by Paragraph 134.

135.   Defendant admits the allegations of Paragraph 135.

136.   Defendant is without sufficient information to admit or deny the claims set forth in Paragraph 136, and therefore denies the same.

137.   Defendant is without sufficient information to admit or deny the claims set forth in Paragraph 137, and therefore denies the same 137.

138.   Defendant admits the allegations of Paragraph 138.

139.   Defendant is without sufficient information to admit or deny the claims set forth in Paragraph 139, and therefore denies the same.

140.   Defendant is without sufficient information to admit or deny the claims set forth in Paragraph 140, and therefore denies the same.

141.   Defendant is without sufficient information to admit or deny the claims set forth in Paragraph 141, and therefore denies the same.

142.   Defendant denies the allegations of Paragraph 142.

143.   Defendant is without sufficient information to admit or deny the claims set forth in Paragraph 143, and therefore denies the same.

144.   Defendant denies the allegations of Paragraph 144.

145.   Defendant admits the allegations of Paragraph 145.

146.   Defendant admits the allegations of Paragraph 146.

147.   Defendant denies the allegations of Paragraph 147.

148.   Defendant admits the allegations of Paragraph 148.

a.   Defendant admits the allegations of Paragraph 148(a).

b.   Defendant admits the allegations of Paragraph 148(b) but denies identifying Plaintiff by name in her conversation with Brandon Bernier.

c.   Defendant is without sufficient information to admit or deny the claims set forth in Paragraph 148(c), and therefore denies the same.

d.   Defendant admits the allegations Paragraph 148(d).

     e.  Defendant is without sufficient information to admit or deny the claims set forth in Paragraph 148(e), and therefore denies the same.

149.  Defendant admits that Plaintiff was hired a software developer, worked for the college for 19 years, and had been promoted to management positions.  Defendant is without sufficient information to admit or deny the claims set forth in Paragraph 149, and therefore denies the same.

150.  Defendant admits that Kacie Reed advised Plaintiff that she was aware of a project management position elsewhere at the college.  Defendant is without sufficient information to admit or deny the remaining claims set forth in Paragraph 150, and therefore denies the same.

151.  Defendant admits Plaintiff advised Kacie Reed, Joe Strecker and Jon Stocking that she was no longer qualified for software development.  Defendant denies all remaining allegations stated or implied by Paragraph 151.

152.  Defendant denies the allegations of Paragraph 152.

153.  Defendant denies the allegations of Paragraph 153.

154.  Defendant denies the allegations of Paragraph 154.

155.  Defendant admits the allegations of Paragraph 155.

156.  Defendant admits the allegations of Paragraph 156.

157.  Defendant admits the allegations of Paragraph 157.

158.    Defendant denies the allegations of Paragraph 158.

159.    Defendant denies the allegations of Paragraph 159.

160.    Defendant denies the allegations of Paragraph 160.

161.    Defendant denies the allegations of Paragraph 161 and further states that Plaintiff's employment terminated on October 31, 2021.

162.    Defendant denies the allegations of paragraph 162.

163.    Defendant denies the allegations of paragraph 163.

164.    Defendant denies the allegations of paragraph 164.

165.    Defendant denies the allegations of paragraph 165.

## Claim Three: ADA Discrimination

166.    Defendant incorporates by reference its responses to Paragraphs 1 through 165 and all previous paragraphs above.

167.    Defendant is without sufficient information to admit or deny the allegations stated by Paragraph 167 and therefore denies the same.

168.    Defendant admits the allegations of Paragraph 168.

169.    Defendant is without sufficient information to admit or deny the allegations of paragraph 169 and therefore, denies the same.

170.    Defendant admits Plaintiff requested FMLA medical leave. Defendant is without sufficient information to admit or deny the allegations of Paragraph 170 and therefore denies the same.

171.    Defendant admits the allegations of Paragraph 171 based on the medical information provided by Plaintiff.

172.    Defendant admits the allegations of Paragraph 172 based on the medical information provided.

173.    Defendant denies the allegations of Paragraph 173.

174.    Defendant denies the allegations of Paragraph 174.

175.    Defendant denies the allegations of Paragraph 175.

176.    Defendant denies the allegations of Paragraph 176.

177.    Defendant denies the allegations of Paragraph 177.

178.    Defendant denies the allegations of Paragraph 178.

179.    Defendant denies the allegations of Paragraph 179.

180.    Defendant denies the allegations of Paragraph 180.

181.    Defendant denies the allegations of Paragraph 181.

## **Claim Four: FML Retaliation**

182.    Defendant incorporates by reference its responses to Paragraphs 1 through 181 and all previous paragraphs above.

183.   Defendant admits the allegations of Paragraph 183.

184.   Paragraph 184 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant states the legal elements of an FMLA retaliation claim speak for themselves. Defendant admits the allegations of Paragraph 184.

185.   Defendant admits that Plaintiff notified Defendant of her serious medical condition, her need for time off work, her intent to take FMLA leave and intent to return to work.  Defendant denies all remaining allegations stated or implied by Paragraph 185.

186.   Defendant admits the allegations of Paragraph 186.

187.   Defendant denies the allegations of Paragraph 187.

188.   Defendant denies the allegations of Paragraph 188.

189.   Defendant denies the allegations of Paragraph 189.

190.   Defendant admits the allegations of Paragraph 190.

191.   Defendant denies the allegations of Paragraph 191.

192.   Defendant denies the allegations of Paragraph 192.

193.   Defendant denies the allegations of Paragraph 193.

194.   Defendant admits that in May 2019, Plaintiff filed an informal complaint against Jon Stocking via CSU's OEO office.  Defendant denies the remaining allegations stated or implied by Paragraph 194.

    a.   Defendant denies the allegations of Paragraph 194(a).

    b.   Defendant denies the allegations of Paragraph 194(b).

    c.   Defendant denies the allegations of Paragraph 194(c).

    d.   Defendant admits the allegations of Paragraph 194(d).

195.   Defendant admits the allegations of Paragraph 195.

    a.   Defendant admits the allegations of Paragraph 195(a).

    b.   Defendant admits the allegations of Paragraph 195(b).

    c.   Defendant admits the allegations of Paragraph 195(c).

196.   Defendant denies the allegations of Paragraph 196.

    a.   Defendant admits the allegations of Paragraph 196(a).

    b.   Defendant admits the allegations of Paragraph 196(b) and states the email by Plaintiff speaks for itself.

    c.   Defendant denies the allegations of Paragraph 196(c).

197.   Defendant denies the allegations of Paragraph 197.

198.   Defendant denies the allegations of paragraph 198.

199.   Defendant denies the allegations of Paragraph 199.

## Claim Five: FML Interference

200.    Defendant incorporates by reference its responses to Paragraphs 1 through 199 and all previous paragraphs above.

201.    Defendant admits the allegations of paragraph 201.

202.    Defendant admits the allegations of paragraph 202.

203.    Defendant admits the allegations of paragraph 203.

204.    Defendant admits the allegations of paragraph 204.

205.    Defendant admits that FMLA leave allows for 12 weeks of leave for qualified employees and that Plaintiff was certified for FMLA Leave in 2019. Defendant denies the remaining allegations stated or implied by 205.

206.    Defendant admits the provisions of the FMLA speak for themselves. Defendant denies the remaining allegations stated or implied by Paragraph 206.

207.    Paragraph 207 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant admits the allegations of paragraph 207.

208.    Paragraph 208 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant admits the college was apprised of Plaintiff's request to take time off work for her medical

condition.  Defendant denies the remaining allegations stated or implied by Paragraph 208.

209.   Defendant denies the allegations of Paragraph 209.

210.   Defendant denies the allegations of Paragraph 210.

211.   Defendant denies the allegations of Paragraph 211.

212.   Defendant denies the allegations of Paragraph 212.

213.   Defendant denies the allegations of Paragraph 213.

214.   Defendant denies the allegations of Paragraph 214.

## Response to Prayer for Relief

Defendant denies that Plaintiff is entitled to the relief requested in Paragraph F. Request for Relief on page 45 of the Complaint, and its sub paragraphs a through n, or any relief whatsoever.

Defendant denies each and every allegation in the complaint not expressly admitted to herein.

## Defenses

1.   Plaintiff's Complaint fails to state claims upon which relief may be granted.

2.   All actions taken by Defendant with respect to Plaintiff's employment were lawful, reasonable under the circumstances, for legitimate,

non-discriminatory and non-retaliatory business reasons, and were taken in good faith.

3.      Plaintiff did not suffer any differential treatment or deprivation of rights during her employment.

4.      Defendant would have taken the same action with regard to Plaintiff's employment without regard to any protected conduct by Plaintiff.

5.      Plaintiff's damages, if any, are the result of Plaintiff's own conduct.

6.      Plaintiff failed to mitigate her damages, if any, in the manner and to the extent required by law.

7.      Some or all of Plaintiff's claimed damages may be statutorily barred or subject to statutory limitations.

8.      Plaintiff's damage claims are subject to offset by amounts received from other sources.

9.      Defendant exercised reasonable care to prevent and correct promptly any discriminatory, retaliatory, or harassing behavior, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

Defendant reserves the right to amend its Answer to plead additional affirmative defenses as may be supported by the evidence.

WHEREFORE, having answered Plaintiff's Complaint, Defendant requests that the Court enter judgment in its favor and against Plaintiff, and award Defendant its costs, attorney's fees, and such other and further relief as the Court deems just and proper.

**DEFENDANT DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Respectfully submitted this 14th day of June 2021.

PHILIP J. WEISER
Attorney General

s/ *Amy C. Colony*

_____

AMY C. COLONY*
Senior Assistant Attorney General
JACOB W. PAUL*
Assistant Attorney General
Tort Litigation
Civil Litigation & Employment Law
  Section
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, Colorado 80203
Telephone: (720) 508-6615
Facsimile: (720) 508-6032
amy.colony@coag.gov
jacob.paul@coag.gov

*Counsel of Record

34

## <u>CERTIFICATE OF SERVICE</u>

I certify that I served the foregoing **ANSWER TO PLAINTIFF'S**

**COMPLAINT AND JURY DEMAND** upon all parties herein by e-filing with the

CM/ECF system maintained by the court or by depositing copies of same in the

United States mail, first-class postage prepaid, at Denver, Colorado, this 14th day

of June 2021, addressed as follows:

> <u>*Pro Se Plaintiff*</u>
> Janine L. Gentile
> 2901 Garrett Drive
> Fort Collins, CO 80526
> Phone: (970) 391-3961
> Email:  j9gentile@gmail.com
>                                      *s/Amy C. Colony*