IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03751-STV

JANINE L. GENTILE,

    Plaintiff,

v.

COLORADO STATE UNIVERSITY

    Defendant(s).

---

## SCHEDULING ORDER

### 1. DATE OF CONFERENCE
### AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

On July 29, 2021, Magistrate Judge Scott T. Varholak held the Scheduling Conference pursuant to Fed. R. Civ. P. 16. In attendance were Janine L. Gentile, Plaintiff in the matter, and Assistant Attorney General Jacob W. Paul and Senior Assistant Attorney General Amy C. Colony, counsel for all Defendants in the matter.

### 2. STATEMENT OF JURISDICTION

Jurisdiction in this Court on the claims of disability discrimination are conferred pursuant to the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101, *et seq.* Jurisdiction in this Court is conferred pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601, *et seq.* Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b), because the unlawful acts giving

rise to Plaintiff's claims occurred within the jurisdiction of the United States District Court for the District of Colorado.

### 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiff

The Plaintiff, Ms. Janine Gentile, was employed full time by Defendant, Colorado State University (CSU) for over 19 years and Defendant terminated her employment on October 11, 2019 with salary and benefits continued through 10/31/2019. Plaintiff's claims include ADA Failure to Accommodate, ADA Retaliation, ADA Discrimination, FML Retaliation, and FML Interference. Ms. Gentile worked within the CSU College of Veterinary Medicine and Biomedical Sciences ("CVMBS") in the CVMBS College Office Department's Information Technology Services ("IT") unit.

Ms. Gentile submitted an inquiry with the EEOC about the claims herein on 01/28/2020 and Ms. Gentile filed this action within 90 days of the date the EEOC's Notice of Suit Rights was issued. Ms. Gentile engaged in protected activity under the FMLA. Ms. Gentile was designated as a person with a disability by Colorado State University (CSU) in October 2015, as defined by the ADA, eligible to receive accommodations.

On 10/8/2018 Plaintiff met with J. Mayhew of CSU's Office of Equal Opportunity ("OEO") and began discussions about reasonable accommodations. On

11/26/2018, Ms. Gentile emailed J. Mayhew a formal request for a reasonable accommodation to work from home for part of the time of her full-time position. Ms. Gentile previously implemented work from home agreements for her employees and found the process to be simple and complete in less than a week. For many years prior and at all times relevant to this action, several other employees of Defendant who were not covered under the ADA regularly worked from home. Ms. Gentile had worked from home successfully and productively many times prior to her 11/26/2018 request for reasonable accommodation. For years, all meetings with the software vendor of her largest project were conducted remotely because the vendor was out of state. Providing a work from home accommodation to Ms. Gentile was not unreasonable and did not pose an undue burden on CSU.

The EEOC's guidance states the following: "An employer should respond expeditiously to a request for reasonable accommodation. If the employer and the individual with a disability need to engage in an interactive process, this too should proceed as quickly as possible. Similarly, the employer should act promptly to provide the reasonable accommodation. Unnecessary delays can result in a violation of the ADA." The Defendant acted in violation of the ADA and discriminated against Plaintiff because they did not respond expeditiously to the interactive process, did not proceed as quickly as possible, did not act promptly to provide the reasonable accommodation, and created unnecessary delays. It took about 2 months after the initial request for reasonable accommodation for CSU to begin the

interactive process with Ms. Gentile for the requested accommodation and then weeks or months would pass without activity until prompted for status by Plaintiff. With still no accommodation in place, on 03/29/2019, Plaintiff was told that she would be laid off. About 5 months after initiating her request for reasonable accommodation, and about 2 ½ months after Plaintiff's only involvement in the interactive process thus far, and about 2 weeks after telling J. Mayhew that she was being laid off, Plaintiff met with Ms. Mayhew on 4/12/2019 to discuss her supervisor's response to her request for reasonable accommodation. On multiple occasions leading up to and during these months, Plaintiff described to her supervisor, human resources, and OEO her ongoing symptoms that caused her need for accommodation and how those symptoms were exacerbated by her present work situation, yet it still took about five months to implement an accommodation to work from home. Finally, on 04/22/2019 the requested accommodation was implemented for a trial period through June 2019. Mayhew was to arrange an interactive process meeting in June 2019 to follow up on how the accommodation was working and to discuss terms for July and August 2019. No arrangements or contact was made in this regard, demonstrating further negligence and lack of good faith regarding the ADA.

About three months after requesting reasonable accommodation and still no accommodation in place, Ms. Gentile applied for episodic Family Medical Leave (FML) for symptoms related to her ADA covered disability and told Human

Resources and her supervisor that she was considering taking extended leave as an option to alleviate symptoms and improve performance. The FMLA Designation Notice approved Ms. Gentile's FML for estimated frequency of flare-ups of 1 time per month, up to 14 days per episode, for up to 480 hours for the year.  As a result of Defendant's failure to accommodate Ms. Gentile, Ms. Gentile also received a poor performance evaluation in March 2019. CSU performance evaluations remain in CSU employment files and potentially impact future salary and employment opportunities. Just a few weeks after discussing extended leave, receiving the FMLA Designation notice, and her poor performance evaluation, Defendant told Ms. Gentile that her position at CSU would be terminated.  On 03/29/2019, Ms. Gentile's superiors informed her that her position would be terminated and suggested that she apply for CSU entry-level software developer positions outside of their organizational unit. Such positions would have been a demotion for Ms. Gentile as she was hired into an entry-level software development position at CSU 19 years prior and had since been promoted to management positions. Also, the salary of said entry-level positions paid less than 60% of Ms. Gentile's current salary. In June 2019, Plaintiff's superiors again encouraged her to apply for software development positions. Defendant discriminated against Ms. Gentile based on disability and protected medical leave, by suggesting that she apply for a demotion in a different organizational unit and earn substantially less salary. Defendant retaliated and interfered with Ms. Gentile's rights under the ADA and

FMLA by attempting to discourage Ms. Gentile from taking leave by encouraging her to move her into a different organization unit where she would then be put in a position of asking a new supervisor for medical leave. Defendant interfered with Ms. Gentile's rights under the ADA and FMLA by planning to terminate Ms. Gentile's employment. Defendant interfered with Ms. Gentile's rights under the ADA and FMLA by terminating Ms. Gentile's employment.

As a result of Ms. Gentile exercising protected activity under the ADA and FMLA, Defendant discriminated against, retaliated against, and interfered with Ms. Gentile's rights because of her disability, perceived disability (Plaintiff's supervisor referred to her disability as being 'warped', for example), record of impairment, protected medical leave, and request for accommodation.  Ms. Gentile's disability was a motivating factor in Defendant's wrongful and negligent actions in the claims herein.

As a direct result of Defendant's actions, Plaintiff has injuries and damages including but not limited to pecuniary damages, signs of emotional distress, physical pain, suffering, inconvenience, mental anguish, delay of medical treatment, loss of enjoyment of life, stress on family, humiliation and personal indignity, such as embarrassment, fear, anxiety, PTSD, physical manifestations of PTSD, decreased self-esteem and other nonpecuniary losses.

Defendant's conduct described herein violated the antidiscrimination laws of the United States and constitutes prohibited discriminatory practices thereunder.

Defendant's conduct and actions described herein was intentional, willful and/or done with malice and/or reckless disregard of Ms. Gentile's protected rights under federal law.

    b. Defendant

Defendant denies that any action taken against Plaintiff was made for improper or illegal reasons. Plaintiff was separated from employment with Defendant as part of a layoff made necessary by a reduction and reorganization of Defendant's workforce. Defendant denies that Plaintiff was subject to any differential treatment or deprivation of rights during her employment, and Defendant would have taken the same action with regard to her employment without regard to any protected conduct by Plaintiff.

Defendant also denies that it violated policies and procedures as alleged in Plaintiff's Complaint. Moreover, any medical condition Plaintiff suffered was not the result of any action taken by Defendant. Defendant denies any right Plaintiff has asserted to damages in her Complaint.

In addition to the above, upon information and belief at this stage of the proceeding, Plaintiff's Complaint and allegations set forth therein (1) fail to state a claim for relief; (2) Plaintiff's damages, if any, are subject to principles of offset; (3) Plaintiff failed to mitigate her damages, injuries, or losses, if any; (4) Some or all of Plaintiff's claimed damages may be statutorily barred or subject to statutory

limitations; and (5) all actions taken by Defendant were lawful, reasonable under the circumstances, for legitimate reason, and in good faith.

## 4.  UNDISPUTED FACTS

The following facts are undisputed:

1.     Plaintiff Janine Gentile was hired by Defendant CSU in May 2000. Plaintiff was employed by Defendant CSU as a Project Manager at the time of her separation.

## 5.  COMPUTATION OF DAMAGES

a. Plaintiff:
   i. Back Pay/Benefits Estimate. Calculation based on Plaintiff's annual salary of $119,667 at time of termination plus annual COLA of 2.5%, with fiscal years beginning July 1st, estimated benefit value of 25% of annual salary:  $ 112,170.96.
   ii. Front Pay/Benefits: Calculations to be based on 42% of Plaintiff's annual salary of $119,667 at time of termination plus annual COLA of 2.5%, with fiscal years beginning July 1st; estimated benefit value of 25% of Plaintiff's annual salary; and payable through retirement age of 67.
   iii. Past Medical Treatment Expenses (actual out-of-pocket and cash-only services): $950.

    iv.    Future Medical Treatment Estimate. Calculations are based on current treatment plans and are subject to change. Amounts include out-of-pocket costs and cash-only services.

        a.    Medication Management – Bi-monthly appointments with providers: $1500.

        b.    Medication Therapy:

            i.    Appointments with providers: $1.365.

            ii.    Medication therapy: $4,800.

    v.    Past Attorney Fees and Costs: $250.

    vi.    Future Attorney Fees and Costs: To be determined at trial and supplemented as discovery proceeds and experts are retained.

    vii.    Other actual economic damages: To be determined at trial and supplemented as discovery proceeds and experts are retained.

    viii.    Pre-judgment and post-judgment interest at the statutory rate: To be determined at trial and supplemented as discovery proceeds and experts are retained.

    ix.    Appropriate tax-offset: As allowed by the law.

    x.    Compensatory damages including, but not limited to, those for future pecuniary losses, signs of emotional distress, physical pain, PTSD, physical manifestations of PTSD, loss of future earning capacity, suffering, inconvenience, mental anguish, loss of

        enjoyment of life, humiliation and personal indignity, embarrassment, fear, anxiety, and other nonpecuniary losses: Maximum amount allowed by the law.

  xi.    Punitive Damages: Maximum amount allowed by the law.

  xii.   Liquidated Damages: Maximum amount allowed by the law.

  xiii.  Any other appropriate remedy available under the law.

  xiv.  Expunge Plaintiff's 2018 annual performance evaluation from her personnel file.

  xv.   Expunge derogatory or negative notes and documents from Plaintiff's personnel file.

  xvi.  CSU to provide a positive job reference for Plaintiff to potential employers.

  xvii. CSU to provide and mandate mental health disability awareness training for all employees, with goals including but not limited to fostering, support, understanding and tolerance of those with such disabilities; increasing the likelihood of success of those with such disabilities; teaching strategies for positive outcomes in interactions with and management of those with such disabilities; developing standards to ensure that ADA and FMLA rights, policies, and practices are common knowledge within the organization; and

       developing metrics to measure compliance with standards and success of programs.

  xviii.    Such further relief as justice requires: To be determined at judgment.

b. Defendants:

Defendants request their costs and attorneys' fees incurred in defending this action, pursuant to 42 U.S.C. §§ 12101, *et seq*.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

Counsel for the Defendant met with Plaintiff on June 24, 2021 via video conference to begin preparation of this proposed scheduling order.  Present were Janine Gentile, Plaintiff and Amy C.  Colony, Senior Assistant Attorney General, and Jacob W. Paul, Senior Assistant Attorney General, counsel for Defendant.

The parties agreed to exchange initial disclosures by September 10, 2021. The Defendant proposed changing the timing of disclosures under Fed. Civ. P. 26(a)(1) due to the large volume of disclosure documents and scheduling conflicts and Plaintiff agreed to the change.  The parties anticipate extensive use of electronically stored information.

The parties agree to use a unified exhibit numbering system.

The parties have made no agreements to conduct informal discovery but do agree to take all reasonable steps to reduce discovery and reduce costs. The parties

11

anticipate that Plaintiff's claims will involve extensive electronically stored information and that a substantial amount of disclosure or discovery will involve information or records maintained in an electronic format. To the extent that discovery or disclosures involve information or records in an electronic format, the Parties will take steps to preserve that information. The Parties agree that, to the extent feasible, the Parties will provide electronic copies of information either through cloud sharing applications or on USB drives.

The parties will convert copies of emails, electronic documents, and hard copy documents to the PDF file format whenever possible and practicable.

Defendant data: Defendant has taken steps to preserve all hard copy documents and electronically stored information, including but not limited to, email data, file server data, text messages, and other relevant electronic data at CSU, subject to the retention schedules governing archived information.

Plaintiff data:

Plaintiff has taken steps to preserve data from her CSU email and calendar accounts as .pst backup files and/or in original format and/or in .pdf format on a computer hard drive and/or USB drive and/or preserved in her Gmail or Google Drive accounts. Plaintiff has taken steps to preserve data generated from her personal Gmail email account in original format and/or in .pdf format in her Gmail or Google Drive accounts.

Plaintiff has taken steps to preserve other electronic documents and some electronic personal notes on a computer hard drive and/or USB drive and/or preserved in Plaintiff's Gmail, Google Drive, or iCloud accounts. In some but perhaps not all cases, document version history is available.

Plaintiff has taken steps to preserve hard copy documents and hard copy personal notes, which are stored at Plaintiff's residence and have been scanned or will be scanned and preserved in .pdf format onto a computer hard drive and/or USB drive and/or preserved in Plaintiff's Gmail, Google Drive, or iCloud accounts.

Plaintiff has taken steps to preserve voice recordings on her cell phones, and/or a computer hard drive and/or USB drive and/or preserved in Plaintiff's Gmail, Google Drive, Otter, or iCloud accounts.

Plaintiff has taken steps to preserve text messages on her cell phones and/or in an exported file format in her Gmail, Google Drive, and iCloud accounts.

Other steps taken or to be taken to preserve electronically stored information: As additional electronically stored information relevant to this matter are identified through the discovery process, both parties will take reasonable and practicable steps to preserve that information. The parties have not yet had the opportunity to discuss settlement of this case but have taken or will take steps to set up discussions regarding settlement.

## 7. CONSENT

All parties have consented to the exercise of jurisdiction of a magistrate judge.

## 8.  DISCOVERY LIMITATIONS

    a.    Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

The parties do not seek modifications to the presumptive number of depositions or interrogatories contained in the Federal Rules.

    b.    Limitations which any party proposes on the length of depositions.

The Parties agree to limit the deposition of any individual to 7 hours in duration.

    c.    Limitations which any party proposes on the number of requests for production and/or requests for admission.

The Parties have agreed to limit the number of discovery requests for production to 25, and requests for admission to 25.

    d.    Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions: February 17, 2022.

    e.    Other Planning or Discovery Orders

The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertently or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Stipulated Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Everything contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

14

## 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings: July 6, 2021.

b. Discovery Cut-off: March 24, 2022.

c. Dispositive Motion Deadline: May 24, 2022.

d. Expert Witness Disclosure

1. Plaintiff anticipates designating experts regarding: emotional distress, medical, ADA accommodations, and Colorado State University policies and practices. Plaintiff may retain an expert responsive to any expert listed by Defendant.

    Defendant anticipates designating any rebuttal expert necessary.

2. Defendant proposes limiting the number of expert witnesses to 2 witnesses each. Plaintiff proposes treating physicians, medical providers or Integrated Medical Evaluations are not to be included in the proposed limitation.

3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before January 25, 2022.

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before February 22, 2022.

e.  Identification of Persons to Be Deposed:

Plaintiff anticipates deposing:

| Individual | Estimated Length of Deposition |
|---|---|
| George Joseph Strecker | 7 hours |
| Kacie Reed | 7 hours |
| Jennifer Mayhew | 7 hours |
| Jon Stocking | 7 hours |
| Plaintiff reserves the right to depose additional individuals as discovery progresses. | |

Defendant anticipates deposing:

| Individual | Estimated Length of Deposition |
|---|---|
| Janine Gentile, Plaintiff | 7 hours |
| | |

## 10. DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times:

_____.

b. A final pretrial conference will be held in this case on _____ at o'clock ____m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a. The parties have not identified any discovery or scheduling issues on which they were unable to reach an agreement.

b. This trial will be to a jury and the parties anticipate the trial lasting five days.

16

    c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado 81303-3439.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

    With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this \_\_day of _____, 20\_\_.

                                                              BY THE COURT:

                                                              United States Magistrate Judge

APPROVED:

PRO SE PLAINTIFF

*s/ Janine L. Gentile*
Janine L. Gentile
2901 Garrett Drive
Fort Collins, CO 80526
Phone: (970) 391-3961
Email: j9gentile@gmail.com


PHILIP J. WEISER
Attorney General

*s/ Jacob W. Paul*
JACOB W. PAUL*
Senior Assistant Attorney General
AMY C. COLONY*
Senior Assistant Attorney General
Civil Litigation and Employment Law Section
Attorneys for Defendants
1300 Broadway, 10th Floor
Denver, CO  80203
Telephone:  720-508-6595
            720-508-6592
Fax:        720-508-6032
Email:  jacob.paul@coag.gov
        amy.colony@coag.gov
        Counsel of Record